# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARNIE W. MCMAHON,
DERIVATIVELY ON BEHALF OF
URANIUM ENERGY CORP.,
Appellant,
vs.
AMIR ADNANI; ALAN LINDSAY;
GANPAT MANI; IVAN OBOLENSKY;
VINCENT DELLA VOLPE; DAVID
KONG; MARK KATSUMATA; SCOTT
MELBYE; LEONARD GARCIA;
WILLIAM R. UNDERDOWN, JR.;
CLYDE LAYTON YANCEY; AND
URANIUM ENERGY CORP.,
Respondents.

No. 74196



FILED

FEB 22 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal of a district court order granting a motion to dismiss a derivative shareholder action for failure to adequately plead demand futility. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Appellant shareholder sued corporate officers and members of the board of directors of respondent Uranium Energy Corporation, a publicly traded uranium mining company incorporated in Nevada, for alleged misconduct arising from a stock promotion campaign. As part of her complaint, appellant alleged, as required by NRCP 23.1, that a pre-suit demand for corrective action by the directors would be futile because the directors lacked independence and could not impartially consider a pre-suit demand. Respondent directors moved to dismiss, arguing appellant's derivative action was baseless and that appellant failed to meet the heightened pleading standard for demand futility. The district court agreed

19-08247

and dismissed the complaint. For the reasons set forth herein, we affirm the district court's order.

*Appellant failed to satisfy the heavy burden for pleading demand futility*

We "rigorously" review a district court's order granting a motion to dismiss a shareholder derivate action. *In re Amerco Derivative Litig.*, 127 Nev. 196, 210-11, 252 P.3d 681, 692 (2011) (internal quotation marks omitted). NRCP 23.1 governs pleading requirements in a shareholder derivative action and requires the complaint to "allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort." We explained in *Shoen v. SAC Holding Corp.*, that "NRCP 23.1 imposes heightened pleading imperatives in shareholder derivative suits" requiring a shareholder to "set forth . . . particularized factual statements that . . . [show] a demand would be futile or otherwise inappropriate." 122 Nev. 621, 633-34, 137 P.3d 1171, 1179 (2006) (internal quotation marks omitted). Where, as is alleged here, corporate directors participated in the decision or transaction challenged by the shareholder, a demand futility claim must set forth particularized facts demonstrating a reasonable doubt as to whether the directors were disinterested, or as to whether the business judgment rule otherwise protects the directors' decision. *Id.* at 641, 137 P.3d at 1184 (adopting the rule articulated by the Supreme Court of Delaware in *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) and *Rales v. Blasband*, 634 A.2d 927, 933-34 (Del. 1993)). We have explained that this test for director disinterestedness requires analyzing "whether directorial interest in the challenged act or the outcome of any related litigation negates impartiality to consider a demand." *Shoen*, 122 Nev. at 641 n.62, 137 P.3d at 1184 n.62.

A shareholder bears a heavy burden in alleging demand futility based on director interestedness: "[T]o show interestedness, a shareholder must allege that a majority of the board members would be materially affected, either to [their] benefit or detriment, by a decision of the board, in a manner not shared by the corporation and the stockholders." *Id.* at 639, 137 P.3d at 1183 (alteration in original) (internal quotation marks omitted). Director interestedness sufficient to support a demand futility claim will only be shown in "rare case[s] . . . where defendants' actions were so egregious that a substantial likelihood of director liability exists." *Id.* at 639-40, 137 P.3d at 1183-84 (alteration in original) (internal quotation marks omitted). The heavy burden a shareholder must satisfy in pleading demand futility reflects the recognition that "the power to manage [a] corporation's affairs resides in the board of directors," and accordingly, a shareholder will not lightly be permitted to circumvent the corporation's board of directors without first "mak[ing] a demand on the board, or if necessary, on the other shareholders, to obtain the action that the shareholder desires." *Id.* at 633, 137 P.3d at 1179.

Here, appellant alleged that a pre-suit demand on the corporate directors would be futile because the directors were not disinterested and would be unable to impartially consider a pre-suit demand. Appellant alleged that because the directors were connected through various professional and familial relationships, such relationships were enough to give rise to a reasonable doubt as to the directors' independence. We have held, however, that a shareholder does not meet the heightened pleading requirements for demand futility merely by identifying personal or familial relationships among a corporation's directors: "[G]enerally, to show partiality based on familial relations, the particularized pleadings *must*

SUPREME COURT
OF
NEVADA

(O) 1947A

*demonstrate why the relationship creates a reasonable doubt* as to the director's disinterestedness." *Id.* at 639 n.56, 137 P.3d at 1183 n.56 (emphasis added). It is not enough for a shareholder to identify personal or familial relationships among corporate directors, and to allege, as appellant did here, that the mere existence of such relationships, without more, is sufficient to give rise to a reasonable doubt as to the directors' independence. Instead, the heightened pleading standard for demand futility requires a shareholder to allege with particularity why the relationships would "materially affect[ ]" the directors' judgment. *Id.* at 639, 137 P.3d at 1183 (internal quotation marks omitted). Accepting appellant's allegations that personal and familial relationships exist among the corporation's directors, and even accepting appellant's allegations that some of those relationships are longstanding, appellant has failed to allege how those relationships materially affected the directors' ability to independently consider a pre-suit demand.

Similarly, we reject appellant's assertion that by virtue of their significant stock holdings in the corporation, respondent directors lack independence or the ability to impartially consider a pre-suit demand for action. If anything, a director's corporate stock holdings would tend to align the director's interests with the interests of the corporation and other shareholders. In attempting to support her demand futility claim with allegations that the respondent directors are not disinterested because they own significant amounts of stock in the corporation, appellant has failed to show that the directors would be "materially affected . . . in a manner not shared by the corporation and the stockholders." *Id.* (internal quotation marks omitted); *see also Orman v. Cullman*, 794 A.2d 5, 27 n. 56 (Del. Ch. 2002) ("A director who is also a shareholder of his corporation is more likely

to have interests that are aligned with the other shareholders of that corporation . . . .").

Finally, we reject appellant's assertion that a pre-suit demand would be futile because respondent directors face a substantial likelihood of liability for engaging in a purportedly unlawful stock promotion campaign. Appellant's complaint alleged that a parallel federal class action lawsuit brought against respondent directors tended to show that the directors face a substantial likelihood of liability for breaching their fiduciary duties by orchestrating an effort to wrongfully increase the corporation's stock value, and for intentionally misleading shareholders by failing to file various reports required under federal securities statutes. The federal district court, however, dismissed the suit with prejudice in favor of the corporate directors, rejecting the allegations that the same stock promotion campaign at issue in this case was unlawful. *Stephens v. Uranium Energy Corp.*, No. H-15-1862, 2016 WL 3855860 (S.D. Tex. Jul. 15, 2016). We are not persuaded that a class action lawsuit in which shareholders insufficiently alleged misconduct arising from the same activity that is at issue here tends to show that respondent directors could not impartially consider a pre-suit demand because they faced a substantial likelihood of liability. Appellant has offered no other evidence indicating the directors face liability as a result of the stock promotion campaign, and the fact that a federal district court dismissed the suit with prejudice, *id.*, would tend to undermine appellant's assertion that the directors here face a substantial likelihood of liability. Appellant's assertion on this point thus amounts to little more than the type of "allegations of mere participation in . . . wrongdoing" which we have held to be "insufficient to excuse the [pre-suit] demand requirement." *Shoen*, 122 Nev. at 636, 137 P.3d at 1181.

*The district court did not abuse its discretion in denying appellant's second request for leave to amend*

NRCP 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "A district court's decision not to grant leave to amend will not be disturbed absent an abuse of discretion." *Allum v. Valley Bank of Nevada*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993). We have held that "[t]he liberal policy provided in Rule 15(a) does not mean the absence of all restraint . . . . The requirement of judicial approval suggests that there are instances where leave should not be granted." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 988, 103 P.3d 8, 18-19 (2004) (internal quotation marks omitted). Specifically in the context of a shareholder derivative action, we have held that it is not an abuse of discretion where, as here, a district court denies a subsequent request for leave to amend after permitting an initial amendment, and where the shareholder fails to show how the subsequent amendment would allege additional facts to support the derivative action. *Nelson v. Sierra Const. Corp.*, 77 Nev. 334, 343, 364 P.2d 402, 406 (1961).

Here, the district court permitted appellant to amend her derivative complaint after the parallel federal class action suit was dismissed with prejudice. The amended complaint omitted a cause of action against respondent directors, apparently as a result of the federal district court's finding that the directors did not engage in intentional misconduct stemming from the stock promotion campaign challenged in the instant case. Appellant thereafter urged the district court to permit leave to amend a second time, but failed to renew her motion or specify how an amended complaint would allege additional facts that would cure the deficiencies in her derivative complaint. Moreover, appellant's argument on appeal

consists only of the points raised in district court in her opposition to respondent's motion to dismiss, without identifying how an amendment to her complaint would have included additional, specific facts to support her derivative complaint or satisfy the heightened pleading standard of NRCP 23.1. Accordingly, we see no reason to disturb the district court's discretion in declining to grant leave to amend, particularly in light of the policy underlying the heightened pleading standard for shareholder derivative suits. *See White v. Panic*, 783 A.2d 543, 555 (Del. 2001) ("The policy against permitting stockholder plaintiffs to amend their complaints after an unsuccessful appeal encourages the plaintiffs to investigate their claims *before* filing a complaint so that they have a basis at the outset to make particularized factual allegations . . . .").

We hold the district court did not err in dismissing appellant's shareholder derivative suit for failure to sufficiently plead demand futility, and the district court did not abuse its discretion in denying appellant's second request for leave to amend. Accordingly we

ORDER the district court's order granting respondent directors' motion to dismiss AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc: Hon. Egan Walker, District Judge
David Wasick, Settlement Judge
Bottini & Bottini, Inc.
O'Mara Law Firm, P.C.
McDonald Carano LLP/Reno
Norton Rose Fulbright US LLP/Austin
Washoe District Court Clerk